# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATHAN CURTIS TAYLOR | * |
| Plaintiff *pro se* | * |
| v | *    Civil Action No. GLR-13-1411 |
| BALTIMORE CITY POLICE DEPT. | * |
| Defendant | * |

\*\*\*

## MEMORANDUM OPINION

The above-captioned case was filed on May 10, 2013, along with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because he appears to be indigent, Plaintiff's Motion shall be granted. The Complaint must be dismissed.

The sole allegation raised in the Complaint seeking 50 million dollars in damages is that Plaintiff has suffered "agony" because of the intentional violation of the Eighth and Thirteenth Amendments of the Constitution which he alleges has been ongoing since January 7, 1986, by corrupt police. ECF No. 1 at pp. 2 and 3.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 1969.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Moreover, each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The Court has thoroughly examined the Complaint and finds that it is insufficient and does not comply with federal pleading requirements. Instead a concise statement of facts as to the underlying cause of action, the Complaint is replete with legal statements and conclusions. Global statements of perceived injustice, such as the ones presented in the instant Complaint, with no clear statement regarding how Plaintiff was harmed, are simply insufficient to place Defendant on notice of the nature of the claim against it. It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A, 534 U.S. 506, 512, (2002) (internal quotation marks omitted).

A separate Order dismissing the Complaint follows.

May 21, 2013 /s/

                                                                 George L. Russell, III
                                                                 United States District Judge